NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DALE ALLEN WRIGHT, *Appellant.*

No. 1 CA-CR 14-0868
FILED 12-24-2015

Appeal from the Superior Court in Maricopa County
No. CR 1992-003917
The Honorable Justin Beresky, *Judge Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Patricia K. Norris joined.

---

**K E S S L E R**, Judge:

¶1        Appellant Dale Allen Wright was found to have violated his probation, and received a sentence of reinstatement of lifetime probation and three months in jail.  Counsel for Wright filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 (App. 1999).  Wright was given the opportunity to, but did not, file a supplemental pro per brief.  Finding no arguable issues to raise, counsel requested this Court search the record for fundamental error.  For the reasons that follow, we affirm the findings of Wright's violations of probation and his sentence.  However, because Wright was not awarded 98 days' presentence incarceration credit, the court shall add this credit to any future incarceration of Wright for future probation violations or sentences in new criminal proceedings.

### FACTUAL AND PROCEDURAL HISTORY

¶2        On October 5, 1992, Wright pled guilty to two counts of solicitation to commit molestation of a child, class 3 felonies and dangerous crimes against children in the second degree, for which he was sentenced to lifetime probation for both counts.  In May 2014, the State filed a petition to revoke Wright's probation for violation of five terms of his probation: (1) Wright did not receive prior approval before changing his residence; (2) Wright was delinquent in paying his probation fees; (3) Wright was discharged from sex offender specific treatment for failure to attend treatment on April 23, 2014 and April 30, 2014; (4) Wright admitted in writing that he possessed sexually stimulating items, patronized adults only establishments where sexually stimulating items are available without permission from the probation department, and Wright participated in calling sexually based adult phone lines; and (5) Wright admitted in writing that he accessed the internet to view pornography.  At the revocation arraignment Wright denied the probation violation allegations, and a violation hearing was set for December 3, 2014.

¶3            Wright filed a motion to dismiss the allegation and finding of his having committed a dangerous crime against children stemming from the 1992 plea agreement.  He argued in part that the crimes he pled guilty to in 1992 did not allow for life time probation.  He also asked the court to allow him to file a delayed petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32.  At the violation hearing, the trial court denied Wright's motion to dismiss, without addressing the merits, stating the proper remedy would be for Wright to file a motion "to withdraw from the plea agreement for manifest injustice" in accordance with Arizona Rule of Criminal Procedure 17.5.

¶4            At the violation hearing, the State presented testimony from Wright's probation officer, A.R.  As discussed *infra* ¶¶ 10-13, A.R. testified in detail about the alleged probation violations.  The trial court found that the State proved by a preponderance of the evidence that Wright violated the terms of his probation.

¶5            The trial court then proceeded to disposition, upon Wright's waiver under Arizona Rule of Criminal Procedure 27.8(d).  *See* Ariz. R. Crim. P. 27.8(c) (requiring disposition hearing be postponed for at least seven days after finding of violation).  The State and defense counsel made recommendations, while Wright elected not to make a statement.  The trial court reinstated Wright's lifetime probation and sentenced Wright to serve three months in jail beginning December 3, 2014, not to be released until March 1, 2015.

¶6            Wright filed a timely notice of appeal.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), and 13-4033(A)(3) (2010).

**STANDARD OF REVIEW**

¶7            In an *Anders* appeal, this Court must review the entire record for fundamental error.  *State v. Richardson*, 175 Ariz. 336, 339 (App. 1993).  Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial."  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (quoting *State v. Hunter*, 142 Ariz. 88, 90 (1984)).  To obtain a reversal, the defendant must also demonstrate that the error caused prejudice.  *Id*. at ¶ 20.

**DISCUSSION**

**¶8**      After careful review of the record, we find no meritorious grounds for reversal of Wright's probation violation and sentence. The record reflects Wright had a fair probation violation hearing and all proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.[1] Wright was present and represented by counsel at all critical stages of the hearing, was given an opportunity to speak at sentencing, and the jail sentence imposed was within the allowable range for Wright's violations.

## I.    Sufficiency of the Evidence

**¶9**      In reviewing the sufficiency of evidence at the hearing, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998). "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

**¶10**     At the violation hearing, A.R. testified that she was Wright's probation supervisor for his underlying offense in CR 1992-009317(A) and she identified Wright in court. A.R. testified that she reviewed Wright's probation conditions with him, including the sex offender terms, in 2011 when she took over managing his case.

**¶11**     A.R. testified that on February 25, 2013, Wright voluntarily came to her office to disclose that he had bought sexually explicit videos and magazines at an adult bookstore, accessed the internet to view pornography, and engaged in calling phone-sex chat lines since January 2012, most recently the Wednesday before. A.R. explained that these actions were prohibited by Wright's conditions of probation and, as a result, A.R. documented the disclosures in a behavioral report that Wright signed.

---

[1] We find no error in the court denying Wright's motion to modify his probation or for permission to file an untimely Rule 32 petition. Not only did Wright not argue the Rule 32 issue in the motion, but the court granted him the option to move to withdraw from the plea agreement pursuant to Arizona Rule of Criminal Procedure 17.5. In so holding, we render no opinion on the merits of Wright's challenge to the length of his probation.

¶12        A.R. also testified that a condition of Wright's probation was to attend sex offender treatment, however Wright had been discharged from treatment for failure to attend a therapy session on April 23, 2014.

¶13        A.R. testified that another condition of Wright's probation was that the probation department must know where, and approve of, Wright's residence.  A.R. stated that as of April 2014 Wright was approved to be living at Sky Harbor Inn, in Maricopa County.  However, A.R. testified that Wright stopped reporting to his probation visits and abandoned his apartment as of April 21, 2014.  A.R. testified that she tried contacting Wright and his sister telephonically, and she and her partner made field visits to Wright's residence, but were unsuccessful in reaching him.  A.R. did not know where Wright was residing from April 21, 2014 through August 27, 2014, when Wright was arrested for the instant probation violation.

¶14        In comparing the evidence in the record to the requirements of Wright's probation terms and conditions, we find there was sufficient evidence to support the trial court's findings of Wright's violations of probation.

## II.        Presentence Incarceration Credit

¶15        Presentence incarceration credit is given for time spent in custody beginning on the day of booking and ending on the day before sentencing.  *See State v. Carnegie*, 174 Ariz. 452, 454 (App. 1993); *State v. Hamilton*, 153 Ariz. 244, 246 (App. 1987). A defendant is entitled to such credit for time spent in custody for a probation violation petition.  *State v. Brooks*, 161 Ariz. 177, 181 (App. 1989). Wright was arrested and booked into a detention facility on a probation violation warrant on August 27, 2014. Wright spent 98 days in custody, prior to his probation violation hearing and disposition held on December 3, 2014. The trial court did not award Wright any presentence incarceration credit when it ruled on the disposition of reinstatement of lifetime probation and three months in jail. The failure to grant Wright presentence incarceration credit was error. Because Wright has already served three months in jail pursuant to the disposition in this proceeding, the court shall add 98 days of credit to any future incarceration of Wright for future probation violations or sentences in new criminal proceedings.

## CONCLUSION

¶16        After careful review of the record, we find no meritorious grounds for reversal of Wright's violation of probation or modification of

the sentence imposed. The evidence supports the finding, the sentence imposed was within the sentencing limits, and Wright was represented at all stages of the proceedings. Accordingly, we affirm the finding of Wright's violation of probation and sentence.

**¶17** Upon the filing of this decision, counsel shall inform Wright of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Wright shall have thirty days from the date of this decision to proceed, if he so desires, with a pro per motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama